UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

_____

AMANDA F.
O/B/O A.J.F.,

                Plaintiff,

v.                                                CASE # 21-cv-00509

COMMISSIONER OF SOCIAL SECURITY,

                Defendant.
_____

| APPEARANCES: | OF COUNSEL: |
|---|---|
| Law Offices of Kenneth Hiller, PPLC<br>  Counsel for Plaintiff<br>6000 North Bailey Avenue<br>Suite 1A<br>Amherst, NY 14226 | ELIZABETH A. HAUNGS, ESQ.<br>KENNETH R. HILLER, ESQ. |
| U.S. SOCIAL SECURITY ADMIN.<br>OFFICE OF REG'L GEN. COUNSEL – REGION II<br>  Counsel for Defendant<br>26 Federal Plaza – Room 3904<br>New York, NY 10278 | CHRSITOPHER N. HURD, ESQ. |

J. Gregory Wehrman, U.S. Magistrate Judge,

## MEMORANDUM-DECISION and ORDER

      The parties consented in accordance with a standing order to proceed before the undersigned. The court has jurisdiction over this matter pursuant to 42 U.S.C. § 405(g). The matter is presently before the court on the parties' cross-motions for judgment on the pleadings pursuant to Rule 12(c) of the Federal Rules of Civil Procedure. Upon review of the administrative record and consideration of the parties' filings, the plaintiff's motion for judgment

on the administrative record is **DENIED**, the defendant's motion for judgment on the administrative record is **GRANTED**, and the decision of the Commissioner is **AFFIRMED**.

## I.     RELEVANT BACKGROUND

### A.     Factual Background

A.J.F. was born on April 6, 2010 and was 10-years old at the time of his hearing. (Tr. 74). Generally, plaintiff alleges A.J.F.'s disability consists of attention deficit hyperactivity disorder (ADHD), learning disabilities, posttraumatic stress disorder (PTSD) and anxiety. (Tr. 183).

### B.     Procedural History

On October 18, 2018, plaintiff protectively filed an application for Supplemental Security Income (SSI) on behalf of her ward, A.J.F., under Title XVI of the Social Security Act (Tr. 167). Plaintiff's application was initially denied, after which a timely request was made for a hearing before an Administrative Law Judge (ALJ). On May 8, 2020, plaintiff and A.J.F., represented by counsel, participated in a telephonic call before ALJ Barbara Dunn. (Tr. 32-61). On July 30, 2020, ALJ Dunn issued a written decision finding A.J.F. not disabled under the Social Security Act. (Tr. 7-19). On March 1, 2021, the Appeals Council (AC) denied plaintiff's request for review. (Tr. 1-3). The ALJ's decision became the final decision of the Commissioner subject to judicial review under 42 U.S.C. § 405(g), incorporated for SSI by 42 U.S.C. § 1383(c)(3) and this action followed.

### C.     The ALJ's Decision

Generally, ALJ Dunn made the following findings of fact and conclusions of law:

> 1. The claimant was born on April 6, 2010. Therefore, he was a school-age child on October 18, 2018, the date application was filed, and is currently a school-age child (20 CFR 416.926a(g)(2)).

2. The claimant has not engaged in substantial gainful activity since October 18, 2018, the application date (20 CFR 416.924(b) and 416.971 et seq.).
3. The claimant has the following severe impairments: attention deficit/hyperactivity disorder (ADHD), a learning disorder, a speech disorder, and an adjustment disorder (20 CFR 416.924(c)).

4. The claimant does not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments in 20 CFR Part 404, Subpart P, Appendix 1 (20 CFR 416.924, 416.925 and 416.926).

5. The claimant does not have an impairment or combination of impairments that functionally equals the severity of the listings (20 CFR 416.924(d) and 416.926a).
    The undersigned finds that the claimant has:
- less than a marked limitation in acquiring and using information;
- a marked limitation in attending and completing tasks;
- less than a marked limitation in interacting and relating with others;
- no limitation in moving about and manipulating objects;
- less than a marked limitation in the ability to care for himself/herself;
- less than a marked limitation in health and physical well-being.

6. The undersigned finds that the claimant has not been disabled, as defined in the Social Security Act, since October 18, 2018, the date the application was filed (20 CFR 416.924(a)).

(Tr. 7-19).

## II.   THE PARTIES' BRIEFINGS ON PLAINTIFF'S MOTION

### A.   Plaintiff's Arguments

Plaintiff asserts two arguments requiring remand. Plaintiff argues the ALJ failed to evaluate A.J.F.'s oppositional defiant disorder and conduct disorder at Step Two or beyond. Plaintiff also asserts the ALJ's decision is "riddled with factual errors" and a selective reading of the evidence. (Dkt. No. 9 [Pl.'s Mem. of Law]).

### B.   Defendant's Arguments

In response, defendant argues the ALJ's functional equivalence analysis is supported by substantial evidence. (Dkt. No. 10 at 8 [Def.'s Mem. of Law]). Defendant asserts the ALJ properly considered all evidence and impairments.

### III. RELEVANT LEGAL STANDARD

#### A. Standard of Review

A court reviewing a denial of disability benefits may not determine *de novo* whether an individual is disabled. *See* 42 U.S.C. §§ 405(g), 1383(c)(3); *Wagner v. Sec'y of Health & Human Servs.*, 906 F.2d 856, 860 (2d Cir. 1990). Rather, the Commissioner's determination will only be reversed if the correct legal standards were not applied, or it was not supported by substantial evidence. *See Johnson v. Bowen*, 817 F.2d 983, 986 (2d Cir. 1987) ("Where there is a reasonable basis for doubt whether the ALJ applied correct legal principles, application of the substantial evidence standard to uphold a finding of no disability creates an unacceptable risk that a claimant will be deprived of the right to have her disability determination made according to the correct legal principles."); *Grey v. Heckler*, 721 F.2d 41, 46 (2d Cir. 1983); *Marcus v. Califano*, 615 F.2d 23, 27 (2d Cir. 1979).

"Substantial evidence" is evidence that amounts to "more than a mere scintilla," and has been defined as "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401, 91 S. Ct. 1420, 1427 (1971). Where evidence is deemed susceptible to more than one rational interpretation, the Commissioner's conclusion must be upheld. *See Rutherford v. Schweiker*, 685 F.2d 60, 62 (2d Cir. 1982).

"To determine on appeal whether the ALJ's findings are supported by substantial evidence, a reviewing court considers the whole record, examining evidence from both sides, because an analysis of the substantiality of the evidence must also include that which detracts from its weight." *Williams v. Bowen*, 859 F.2d 255, 258 (2d Cir. 1988).

If supported by substantial evidence, the Commissioner's finding must be sustained "even where substantial evidence may support the plaintiff's position and despite that the court's independent analysis of the evidence may differ from the [Commissioner's]." *Rosado v. Sullivan*, 805 F. Supp. 147, 153 (S.D.N.Y. 1992). In other words, this Court must afford the Commissioner's determination considerable deference, and may not substitute "its own judgment for that of the [Commissioner], even if it might justifiably have reached a different result upon a de novo review." *Valente v. Sec'y of Health & Human Servs.*, 733 F.2d 1037, 1041 (2d Cir. 1984).

**B.     Standard to Determine Disability**

To be "disabled" within the meaning of the Act, a child must show he or she has a "medically determinable physical or mental impairment, which results in marked and severe functional limitations," and which either lasts or can be expected to last for a continuous period of not less than 12 months. 42 U.S.C. § 1382c(a)(3)(C)(I).

A three-step sequential evaluation process determines whether a supplemental security income claimant under the age of 18 is disabled. 20 C.F.R. § 416.924(a). At the first step, the ALJ determines whether the child has engaged in substantial gainful activity during the relevant period. 20 C.F.R. § 416.924(b). If so, the child is not disabled; if not, the evaluation continues to the next step. At the second step, the ALJ determines whether the child has a "severe" impairment, or combination of impairments – i.e., a slight abnormality or combination of slight abnormalities that causes more than minimal functional limitations. 20 C.F.R. § 416.924(c). If not, the ALJ denies the application; otherwise, the evaluation continues.

At step three of the sequential evaluation process, the ALJ determines whether a child's impairments meet, medically equal, or functionally equal the severity of one of the

Commissioner's listed impairments (Listings). 20 C.F.R. §§ 416.924(a), (d). If not, the child is not disabled. 20 C.F.R. § 416.924(d). As part of the step three analysis, if the ALJ finds that a child's impairments do not meet or medically equal a listed impairment, the ALJ assesses all functional limitations using six "domains" of functioning to determine whether the child's symptoms are functionally equivalent to the listed impairments. 20 C.F.R. § 416.926a. The six domains of functioning include: (1) acquiring and using information; (2) attending and completing tasks; (3) interacting and relating with others; (4) moving about and manipulating objects; (5) caring for yourself; and (6) health and physical well-being. 20 C.F.R. § 416.926a(b)(1). The evaluation of age-appropriate functioning within each domain focuses on the child's abilities and limitations; where the child has difficulty; the quality of any limitations; and the kind, extent, and frequency of help that the child needs. 20 C.F.R. § 416.926a(b)(2). A finding of functional equivalence occurs when a child has an "extreme" limitation in one of the six domains of functioning or "marked" limitations in at least two domains. 20 C.F.R. § 416.926a(e).[1]

IV.  ANALYSIS

  A.  Step Two

Plaintiff argues the ALJ ignored "key diagnoses" and failed to evaluate A.J. F.'s impairments in combination. At the time of application, plaintiff alleged A.J.F.'s disability consists of attention deficit hyperactivity disorder (ADHD), learning disabilities, posttraumatic stress disorder (PTSD) and anxiety. (Tr. 183). In the decision, ALJ Dunn found the severe

---

[1] "Extreme" means a child has an impairment that very seriously interferes with a child's ability to independently initiate, sustain, or complete activities. 20 C.F.R. § 416.926a(e). "Marked" indicates that he or she has an impairment that seriously interferes with the ability for independently initiating, sustaining, or completing activities. *Id*.

impairments of attention deficit/hyperactivity disorder (ADHD), a learning disorder, a speech disorder, and an adjustment disorder. (Tr. 11). While the ALJ did not find a severe impairment of oppositional defiant disorder (ODD) or conduct disorder, plaintiff is incorrect that the ALJ did not consider the associated symptoms or limitations.

Contrary to plaintiff's argument, the "mere presence of a disease or impairment, or establishing that a person has been diagnosed or treated for a disease or impairment" is not, by itself, sufficient to render a condition "severe." *Coleman v. Shalala,* 895 F.Supp. 50, 53 (S.D.N.Y. 1995); *see Prince v. Astrue*, 514 F. App'x 18, 20 (2d Cir. 2013). As asserted by defendant, the symptoms experienced by A.J.F. were identified by different terms depending on the providers. Pediatricians at Big Tree Pediatrics assessed A.J.F. with ODD in one treatment note and conduct disorder in three others. (Tr. 387, 509, 522, 526). Conversely, A.J.F.'s mental health care providers never diagnosed him with ODD or a conduct disorder, rather, he was diagnosed with an adjustment disorder "with mixed disturbance of emotions and conduct." (Tr. 337, 408, 412, 419).

Additionally, as argued by defendant, failure to find mental impairments not severe is not reversible error at Step Two because the ALJ continued with the other steps of the evaluation while considering all of plaintiff's impairments. *See Reices-Colon v. Astrue*, 523 F. App'x 796, 798 (2d Cir. 2013) (unpublished) (where an ALJ proceeds past step two and considers the effects of all of a claimant's impairments through the remainder of the sequential evaluation process, any error at step two is harmless). In discussing the domains, the ALJ references behavior problems at home, disruptive behaviors at school, effects of medication on defiance and arguing, peer relationships, behavior modification strategies for interacting with others at school, and participation in group activities. (Tr. 13-17). It is evident from review of the record the ALJ

7

considered the combined effects of all the mental impairments, regardless of terminology. Furthermore, plaintiff has not alleged any greater limitations in the "special technique" at Step Two where the mental health impairments were fully discussed. Additionally, plaintiff does not allege any greater limitations in the domains at the subsequent functional equivalency step. In sum, the ALJ properly evaluated the mental impairments at Step Two and reasonably considered such impairments at subsequent steps.

### B.  Substantial Evidence

Plaintiff's second argument challenges the ALJ's decision as riddled with factual errors and mischaracterization of the evidence while minimizing A.J.F.'s impairments, essentially asserting the ALJ's findings regarding functional equivalence are not supported by substantial evidence. (Dkt. No. 9 at 14). "Substantial evidence means more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Moran v. Astrue*, 569 F.3d 108, 112 (2d Cir. 2009). For the reasons discussed below, the Court finds that ALJ's analysis was appropriate and substantial evidence in the record supports the ALJ's determinations even though not every piece of evidence supports the ALJ's findings. See *Biestek v. Berryhill*, 139 S. Ct. 1148 (2019); *Brault v. Soc. Sec. Admin. Comm'r*, 683 F.3d 443, 448 (2d Cir. 2012).

While plaintiff argues there were factual errors and mischaracterizations of the record, the plaintiff does not directly assert which domains the ALJ erred in evaluating. Rather, plaintiff generally argues the ALJ should have given more weight to a favorable fact and less weight to an unfavorable fact. The role of this Court is not to reweigh evidence that was already fully considered by an ALJ. *See Krull v. Colvin*, 669 F. App'x 31, 32 (2d Cir. 2016) ("Krull's

disagreement is with the ALJ's weighing of the evidence, but the deferential standard of review prevents us from reweighing it.").

In criticizing the ALJ's decision as the product of selective reading of evidence, mischaracterization of evidence, and a curious hyper focus on the sport of football, plaintiff fails to acknowledge that other witnesses similarly commented on A.J.F.'s participation in a sport he enjoyed. For instance, his pediatrician's records (Tr. 385, 517) and Ms. Kraft's 2018 Function Report (Tr. 201) refer to his playing football. Most significantly A.J.F. testified at the hearing that he likes other students at school and hangs out with friends including playing football. (Tr. 57). The ALJ's repeated reference to football was evidence that she reviewed the record in its entirety and highlighted the importance of the activity in A.J.F.'s life. Furthermore, the participation in football is relevant to multiple domains, including Moving About and Manipulating Objects, Caring for Himself, Interacting with and Relating to Others, Acquiring and Using Information, and Attending and Completing Tasks. (Tr. 14-18). Consideration of this activity in all relevant domains by the ALJ was appropriate and necessary.

Additionally, plaintiff fails to discuss that each medical opinion in the record supports the ALJ's findings. The ALJ found the prior administrative medical findings of state agency psychology consultants Dr. I. Sinha, M.D., and Dr. B. Stouter, M.D., generally persuasive because they were supported by specific references to the record and consistent with the record as a whole. (Tr. 18, *citing* 79-81, 93-95). The ALJ's conclusions regarding the specific domains were identical to those of Drs. Sinha and Stouter but for a greater limitation in the domain of Health and Physical Well-Being. (Tr. 79-81, 93-95 *compared* Tr. 14-18). Additionally, consultative examiner Susan Santarpia, Ph.D., had also opined A.J.F. was not as limited in the

9

domains but the ALJ found it only somewhat persuasive. (Tr. 18). There is no medical opinion evidence that plaintiff was more limited that found by ALJ Dunn in the six functional domains.

Plaintiff contends the ALJ should not have considered A.J.F.'s progress in school and improvement on medication as heavily as she did. The ALJ permissibly looked at the record as a whole at the time of the hearing and assessed the limitations. For example, his October 2018, IEP indicated that despite deficits in "sustained attention", he enjoyed learning, and could be a motivated, hard-working student. (Tr. 220). Furthermore, despite a diagnosis of ADHD, a June 2019 report states that his ADHD mediations were working well. (Tr. 14, *citing* 514). A May 2020 IEP noted A.J.F.'s outburst in the mornings had dwindled and were manageable while also being able to utilize a stress ball, sensory hallway, and a calming corner. (Tr. 210). Similarly, a November 2019 report indicates that while ADHD was causing difficulties in the evening, the medication was working ok throughout the day. (Tr. 19, *citing* 524). Multiple IEPs indicated difficulties in attention; however, Dr. Santarpia noted age-appropriate attention and concentration during her examination. (Tr. 14 *citing* 399). A.J.F.'s guardian testified that the current medication regimen helped to alleviate prior issues of medications wearing off mid-morning at school. (Tr. 53). Additionally, she testified that he was making good progress academically. (Tr. 48).

Lastly, plaintiff raises an argument about how the ALJ considered A.J.F.'s history of abuse. (Dkt. No. 9 at 19-20). Plaintiff does not articulate what impairment this would be associated with, however it is noted that when questioned by the ALJ the guardian answered she was not sure of what abuse there may have been. (Tr. 398). Notably, at a consultative examination the guardian also reported a history of posttraumatic stress disorder but stated she heard it from A.J.F.'s 16-year-old sister. (Tr. 397). While some records disclose possible sexual

abuse they were available to Drs. Sinha and Stouter as they considered the evidence and allegations were not deemed sufficient to include in their reports. (Tr. 77, 91 *referring to* 344-45). As discussed previously, no medical source opined greater limitations despite A.J.F.'s history.

In sum, the ALJ considered all the evidence of record when assessing the limitations in the six functional domains of functioning. Ultimately, plaintiff's argument merely emphasizes the existence of conflicting evidence in the record, but it was the responsibility of the ALJ to evaluate the conflicting evidence and reasonably determine the degree of limitation in the specific functional domains *See Veino v. Barnhart*, 312 F.3d 578, 588 (2d Cir. 2002) ("Genuine conflicts in the medical evidence are for the Commissioner to resolve").

**ACCORDINGLY, it is**

**ORDERED that plaintiff's motion for judgment on the pleadings (Dkt. No. 9) is DENIED; and it is further**

**ORDERED that defendant's motion for judgment on the pleadings (Dkt. No. 10) is GRANTED.**

Dated: May 26, 2023
Rochester, New York

*J. Gregory Wehrman*
HON. J. Gregory Wehrman
United States Magistrate Judge